Citation Nr: 1710386 
Decision Date: 03/22/17 Archive Date: 04/11/17

DOCKET NO. 12-11 108 ) DATE
 )
 )

On appeal from the
Department of Veterans Affairs Regional Office in Cleveland, Ohio


THE ISSUE

Entitlement to service connection for the cause of the Veteran's death.


REPRESENTATION

Appellant represented by: Disabled American Veterans


WITNESSES AT HEARING ON APPEAL

Appellant and B.B.




ATTORNEY FOR THE BOARD

Elizabeth Jalley, Counsel


INTRODUCTION

The Veteran served on active duty from November 1969 to October 1971. He received the Purple Heart Medal and Army Commendation Medal with "V" device. He died in February 2009, and the appellant is his surviving spouse. 

This matter comes before the Board of Veterans' Appeals (Board) on appeal from a November 2010 rating decision of the Department of Veterans Affairs (VA) Regional Office (RO) an Insurance Center in Philadelphia, Pennsylvania. The RO in Cleveland, Ohio, exercises current jurisdiction of the claims file.

The appellant testified at a Board hearing via video conference in February 2013. A transcript of the hearing testimony is associated with the claims file.

In May 2014, the Board remanded this case for additional development, and the case has been returned for further appellate review.

The appeal is REMANDED to the Agency of Original Jurisdiction (AOJ). VA will notify the appellant if further action is required.


REMAND

The Veteran's certificate of death reflects that he died in December 1969 from a self-inflicted gunshot wound. The appellant contends that this was a result of a psychiatric disability that developed as a result of his combat service in Vietnam. 
This claim was previously remanded to attempt to obtain VA and private treatment records that have been identified by the appellant. On remand, VA medical records were obtained from the VA Medical Center (VAMC) in Chillicothe, Ohio; the Community Based Outpatient Clinic (CBOC) in Lancaster, Pennsylvania; the VA Bay Pines Health Care System (HCS) in Florida; and the CBOC in Sebring, Florida (which is affiliated with the Bay Pines HCS).

There are, however, several indications that the Veteran received psychiatric treatment at a VA facility in Columbus, Ohio. A March 2001 record from the Lancaster CBOC notes that the Veteran had a positive depression screening but declined referral to Mental Hygiene/Psychiatry. An April 2001 record notes that the Veteran is "currently being followed for PTSD by Mental Health/PTSD Clinic." A May 2001 record notes that the Veteran was being seen by a "new psychiatrist." The accompanying comment notes that he was being treated by Michael Mizenko and David Hayes. An August 2001 psychiatric record notes that the Veteran reported that Dr. Mizenko had increased his Zyprexa dosage and that he sees "Hayes" as his therapist at Columbus. 

There are two VA medical facilities in Columbus; the Chalmers P. Wylie Ambulatory Care Center and the Columbus Vet Center. The claims file does not indicate that records have been requested from these facilities. In addition, it does not appear that records requests to any of the facilities from which records were obtained would produce records from either of the Columbus facilities. Therefore, a remand is required in order to obtain any outstanding records from these facilities.
Accordingly, the case is REMANDED for the following action:

1. Obtain any outstanding medical records from the VA HCS in Columbus, Ohio, and the Columbus Vet Center; including treatment in 2001.

2. If any benefit sought on appeal remains denied, issue a supplemental statement of the case. Then return the case to the Board, if in order.

The appellant has the right to submit additional evidence and argument on the matter or matters the Board has remanded. Kutscherousky v. West, 12 Vet. App. 369 (1999).

This claim must be afforded expeditious treatment. The law requires that all claims that are remanded by the Board of Veterans' Appeals or by the United States Court of Appeals for Veterans Claims for additional development or other appropriate action must be handled in an expeditious manner. See 38 U.S.C.A. §§ 5109B, 7112 (West 2014).



_________________________________________________
Mark D. Hindin
Veterans Law Judge, Board of Veterans' Appeals

Under 38 U.S.C.A. § 7252 (West 2014), only a decision of the Board of Veterans' Appeals is appealable to the United States Court of Appeals for Veterans Claims. This remand is in the nature of a preliminary order and does not constitute a decision of the Board on the merits of your appeal. 38 C.F.R. § 20.1100(b) (2016).